MELISSA OLIVER, Appellant,
v.
JENNINGS COUNTY DIVISION OF FAMILY AND CHILDREN, Appellee.
No. 40A04-0605-JV-262
Court of Appeals of Indiana.
December 27, 2006
SARAH L. NAGY, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
CARLA J. GINN, Jennings County Department of Child Services, North Vernon, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
NAJAM, Judge.

STATEMENT OF THE CASE
Melissa Oliver ("Mother") appeals from the trial court's determination that J.O., her minor son, is a child in need of services ("CHINS"). Mother raises two issues for our review:
1. Whether the CHINS determination violated Mother's due process rights.
2. Whether the evidence is sufficient to support the CHINS determination.
We affirm.

FACTS AND PROCEDURAL HISTORY
On September 15, 2005, after receiving a report that J.O. had bruises on his legs, the Jennings County Department of Child Services ("DCS") sent family case manager Howard Trapp to interview J.O. During the interview, J.O. showed Trapp "five deep bruises on his upper leg area." Appellee's App. at 23. J.O. stated that Dale Fisher, Mother's live-in boyfriend, had "whipped" him with a belt after J.O. received a write-up for getting into trouble on his school bus. Id. J.O. also stated that "he gets whipped with a belt at least a couple of times a month." Id.
Subsequently, Trapp interviewed Fisher. Fisher admitted that he had "whipped" J.O. with a belt. Id. at 13. Trapp also learned of two prior incidents of such occurrences between Fisher, J.O., and J.O.'s older brother. At least one of those incidents resulted in a police report that listed Mother as a witness.
On October 3, 2005, the DCS filed a CHINS petition alleging that Fisher had abused J.O., who was twelve years old at the time. The trial court held a fact-finding hearing on March 2, 2006, and a dispositional hearing on March 15. Counsel represented Mother at both hearings. The court found J.O. to be a CHINS at the conclusion of the fact-finding hearing, and on March 21 the trial court ordered J.O. "to remain in the care of his legal guardians," his grandparents in another county. Appellant's App. at 21. The court further ordered "[t]hat there shall be no contact with Melissa Oliver or Dale Fisher unless supervised by the [DCS]," "[t]hat Dale Fisher complete an anger management class," and that "Fisher shall immediately schedule an assessment for alcohol/drug abuse." Id. at 21-22. This appeal ensued.

DISCUSSION AND DECISION

Issue One: Due Process
Mother first argues that the CHINS determination violated her due process rights. Specifically, Mother contends that: (1) the CHINS petition did not contain a concise statement of facts upon which the allegations were based; (2) the trial court's order conditioning her visitation with J.O. "upon Fisher's cooperation" violated due process, Appellant's Brief at 3; and (3) the court's order violated Mother's due process right to impose corporal punishment onto her child. However, "[i]t is well established that we may consider a party's constitutional claim[s] waived when it is raised for the first time on appeal." Hite v. Vanderburgh County Office of Family & Children, 845 N.E.2d 175, 180 (Ind. Ct. App. 2006) (citing McBride v. Monroe County Office of Family & Children, 798 N.E.2d 185, 194 (Ind. Ct. App. 2003)). Here, our review of the record reveals that Mother never raised an objection before the trial court based on any of the grounds she now raises on appeal. Thus, Mother's arguments regarding the effect of the CHINS proceeding on her due process rights are waived.[1]

Issue Two: Sufficiency of the Evidence
Mother also argues "[t]here was insufficient evidence presented to support a CHINS determination." Appellant's Brief at 4. Specifically, Mother contends that she "has no control over Fisher[,] . . . [she] has no problems with drugs or alcohol, and [she] has no criminal record." Id. In addition, Mother claims "[t]here is no evidence in the record that J.O. suffered any medical problems from the spanking." Id. We cannot agree.
When reviewing the sufficiency of evidence, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom. Hallberg v. Hendricks County Office of Family & Children, 662 N.E.2d 639, 646 (Ind. Ct. App. 1996). We will not reweigh the evidence or judge the credibility of witnesses. Id. Here, the record supports the trial court's determination that J.O. is a CHINS. Fisher admitted to "whipping" J.O. with a belt. Appellee's App. at 13. Photographs of J.O.'s bruises are in the record. J.O.'s injuries occurred in Mother's home while J.O. was under the care of Mother and Fisher. And there was evidence of at least two prior abuse cases against Fisher, one of which listed Mother as a witness. Finally, at the fact-finding hearing in which the trial court determined that J.O. was a CHINS, Mother presented no argument or evidence to either challenge the DCS's position or to provide an alternative explanation of the evidence. Indeed, she explicitly stated, over her counsel's suggestion, "No, I don't [wish to make a statement]." Id. at 55.
As we have noted, Mother also contends that she "has no control over Fisher." Appellant's Brief at 5. Again, we cannot agree. It is Mother's choice to live with Fisher. Mother is J.O.'s parent. Although Fisher has no parental rights vis-à-vis J.O., Mother has allowed Fisher to discipline J.O. Thus, Fisher's conduct toward J.O. is directly attributable to Mother. On these facts, we cannot say that the evidence was insufficient to support the trial court's CHINS determination.
Affirmed.
MAY, J., and MATHIAS, J., concur.
NOTES
[1] Despite waiver for failure to object, there is "an extremely narrow exception that allows a defendant to avoid waiver" by arguing fundamental error. Cooper v. State, 854 N.E.2d 831, 835 (Ind. 2006). "In order for this court to overturn a trial court ruling based on fundamental error, the error must have been `a clearly blatant violation of basic and elementary principles, and the harm or potential for harm therefrom must be substantial and appear clearly and prospectively.'" S.M. v. Elkhart County Office of Family & Children, 706 N.E.2d 596, 600 (Ind. Ct. App. 1999) (quoting Reynolds v. State, 460 N.E.2d 506, 508 (Ind. 1984)). However, Mother does not argue that the alleged due process violations subjected her to fundamental error. As such, that issue also is waived. See Oldham v. State, 779 N.E.2d 1162, 1177 (Ind. Ct. App. 2002), trans. denied.